# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BRIDGETT MARZETT, ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | |
| ) | |
| CAROLINA PLACEMENT INC. ) | |
| d/b/a CPI STAFFING, and. ) | |
| EXEL, INC d/b/a DHL DURACELL ) | **JURY TRIAL REQUESTED** |
| ) | |
| Defendants ) | |

## COMPLAINT FOR DAMAGES

Plaintiff Bridgett Marzett ("Plaintiff" or "Ms. Marzett") hereby files this Complaint for Damages against Defendants Carolina Placement Inc. d/b/a CPI Staffing ("CPI") and Excel, Inc. d/b/a DHL Duracell, ("DHL" collectively "Defendant Employers") for illegal employment discrimination at two separate DHL facilities. Plaintiff respectfully shows this Court as follows:

## INTRODUCTION

1.

Ms. Marzett began working at a DHL facility (1st Facility) through a staffing agency CPI in or around November of 2018. Nearly from the beginning of her employment, Ms. Marzett was subject to a hostile work environment and disparate treatment due both her age and her gender. The gender discrimination was both pervasive sexual harassment and sexist language as well as unwanted sexual assaults and batteries. Ms. Marzett made repeated complaints of discrimination to both Defendant Employers. However, Plaintiff's multiple pleas for help were not only ignored, but they were used by other employees to continue fostering a hostile workplace, and they resulted in further ageist name calling and other forms of

retaliation. Shortly after Ms. Marzett complained of discrimination, she was repeatedly transferred, then laid off from the 1st facility and ultimately hired by a 2nd DHL facility where she was again discriminated against and retaliated against including but not limited to retaliatory write ups and termination.

## **JURISDICTION**

2.

This action is for age discrimination, sexual harassment and retaliation arising under both Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), both statues providing Federal question jurisdiction. Further, this Court has supplemental jurisdiction in related state-law claims pursuant to 28 U.S.C. § 1367.

## **VENUE**

3.

Venue is proper pursuant to, inter alia, 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §2000e-(f)(3). Moreover, the unlawful employment practices alleged below were committed within the geographic boundaries of the Atlanta Division, Northern District of the United States District Court, within the state of Georgia.

4.

Plaintiff resides within the geographic boundaries of the United States District Court for the Northern District of Georgia.

5.

Defendant CPI operates within the geographic boundaries of the United States District Court for the Northern District of Georgia.

6.

Defendant DHL operates within the geographic boundaries of the United States District Court for the Northern District of Georgia.

## ADMINISTRATIVE PROCEEDINGS

7.

Ms. Marzett timely filed 3 Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as "Exhibit A".

8.

On June 18, 2020 the EEOC issued Ms. Marzett her notice of right to sue letters. Attached hereto and incorporated herein as "Exhibit B".

9.

Plaintiff has exhausted her administrative remedies prerequisite to filing this suit pursuant to Title VII and the ADEA.

10.

Plaintiff has commenced this action within 90 days of her receipt of the right to sue letters.

## PARTIES

11.

Plaintiff is a citizen of the United States and a resident of the state of Georgia.

12.

Plaintiff is a 65+ year old female and a member of a protected class under Title VII and the ADEA.

13.

Plaintiff resides in the Northern District of Georgia and subjects herself to the Court's jurisdiction. Plaintiff was an employee of Defendant at all times material to this Complaint, concluding with her unlawful retaliatory termination.

14.

Defendant CPI appears to be a registered foreign for-profit corporation in Georgia. Defendant transacts business in the Northern District of Georgia.

15.

Defendant CPI is subject to this Court's jurisdiction and may be served with process at:

6703 Shannon Parkway, Suite 4,
Union City, Georgia 30291
Registered Agent: James K. Austin

16.

Defendant DHL appears to be a registered foreign for-profit corporation in Georgia. Defendant transacts business in the Northern District of Georgia.

17.

Defendant DHL is subject to this Court's jurisdiction and may be served with process at:

289 S Culver Street
Lawrenceville, Georgia 30046
Registered Agent: C T Corporation System

## FACTUAL ALLEGATIONS

18.

Defendant Employers each employed fifteen or more employees for each working day in each of twenty or more calendar weeks throughout 2018 and 2019.

19.

Defendant Employers are both subject to the anti-discrimination and anti-retaliation provisions of both Title VII and the ADEA.

20.

At all times material to this Complaint, Defendant Employers had control over Ms. Marzett's employment and the terms and conditions thereof.

21.

CPI operates a temporary employee staffing service in Georgia.

22.

DHL contracted employees through CPI at all times material to this Complaint to provide labor for its facility in Fairburn, GA. (1st Facility).

23.

DHL and CPI jointly manage and control employees at the 1st Facility.

24.

Upon information and belief, both DHL and CPI have the ability to hire, fire, change hours, promote, demote, or change job responsibility of employees they jointly employ.

25.

On or about November 12, 2018, Ms. Marzett began working for DHL, through her employment with CPI, as a factory line worker.

26.

Ms. Marzett was jointly managed by both Defendant Employers.

27.

Throughout her employment, Ms. Marzett was subjected to course and vulgar language specifically derogatory towards women.

28.

Ms. Marzett inquired about the policy on profanity and she complained about this vulgar language. She was told that she had to adapt to today's modern working environment. She was asked if she was too old and she was subjected to multiple comments about her age being the problem not the language.

29.

Instead of stopping the sexist and profane language by her co-workers, Ms. Marzett was moved.

30.

Ms. Marzett started working on a line with a Nigerian man named Mr. Adekoye. Mr. Adekoye began to aggressively sexually harass Ms. Marzett with sexual advances and placing his hands on Ms. Marzett against her will.

31.

Ms. Marzett was in constant fear of him touching her and she repeatedly complained about his sexual harassment, but again Defendant Employers took no action to stop the harassment.

32.

In late December 2018, Mr. Adekoye exposed his chest to Ms. Marzett during work hours and on DHL premises.

33.

Shortly after this incident, Ms. Marzett drove to the CPI office and make a further compliant of sexual harassment to a woman named Danyella.

34.

Plaintiff's compliant appeared to result in no action.

35.

Then less than 2 months later on or about February 13, 2019, Plaintiff was terminated from the 1st Facility.

36.

Before Plaintiff's termination, she was desperate to find another job and she had applied at another DHL facility (2nd Facility).

37.

On or about February 18, 2019, after she was terminated from the 1st Facility she was hired at the 2nd DHL Facility.

38.

At the 2nd Facility, she was directly hired by DHL without any staffing agency involvement.

39.

March 20, 2019 after her employment at the 2nd facility, Plaintiff filed an EEOC charge against both Defendant Employers.

40.

Plaintiff gave a copy of her EEOC charge to her manager at the 2nd DHL Facility, and she asked to speak to HR.

41.

After DHL learned she filed an EEOC charge, her managers were upset. They repeatedly accused her of wrongdoing and turned her co-workers against her. Ms. Marzett was repeatedly admonished for things she didn't do, and ultimately, she was terminated in retaliation for her complaints in November, 2019.

42.

On January 10, 2020 Ms. filed a third EEOC charge against DHL.

43.

The EEOC has issued a right to sue letter for all three charges.

## COUNT I

## SEXUAL HARASSMENT/SEX BASED HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

44.

Plaintiff hereby incorporates by reference paragraphs 1-43, above, as if fully set forth herein.

45.

Throughout her employment, Ms. Marzett was subjected to a hostile work environment and sexual harassment as well as assault and battery by Defendant Employers employees and was forced to work in a sexually harassing/sexist work environment.

46.

Defendant Employers' employee, specifically individual Mr. Adekoye, regularly and repeatedly subjected Ms. Marzett to sexual harassment including but not limited to non-consensual sexual touching and Mr. Adekoye exposing himself to her.

47.

All of the above conduct by Defendants' employee was unwelcome, offensive, and intimidating to Ms. Marzett.

48.

Ms. Marzett repeatedly complained that this conduct was unwelcome.

49.

The sexually harassing conduct was open and notorious.

50.

Defendants' employee subjected Ms. Marzett to a hostile work environment, and no substantive remedial action was taken, for which Defendant Employers are liable.

51.

At all times relevant to this action, Defendant Employers knew or should have known of the sexual harassment endured by Ms. Marzett and the existence of a sexually hostile work environment but failed to take immediate remedial action to protect Ms. Marzett.

52.

Ms. Marzett complained about the sexually hostile work environment and no remedial action was taken to correct the environment.

53.

Instead, Defendants allowed a sexually harassing work environment to exist.

54.

Defendant Employers' actions constitute unlawful intentional gender discrimination in violation of Title VII of the Civil Rights Act, as amended.

55.

Defendant Employers willfully and wantonly disregarded Ms. Marzett's rights, and Defendants' discrimination against Ms. Marzett was undertaken in bad faith.

56.

As a result of Defendant Employers' unlawful actions, Ms. Marzett has suffered emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

## COUNT II
## AGE DISCRIMINATION

57.

Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

58.

In engaging in these actions, Defendant Employers subjected Ms. Marzett to disparate and discriminatory treatment in whole or substantial part because of age in violation of the ADEA, 29 U.S.C. § 623(1).

59.

Defendant Employers' violation of the ADEA was willful and intentional.

60.

Ms. Marzett has suffered mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Defendant Employers' willful and intention violation of her rights under the ADEA. Ms. Marzett is entitled to the rights and

remedies provided by the ADEA, including actual damages, compensatory damages, liquidated damages, and attorney's fees and costs.

## COUNT III

## RETALIATION IN VIOLATION OF TITLE VII

61.

Plaintiff hereby incorporates by reference paragraphs 1-60, above, as if fully set forth herein.

62.

Ms. Marzett engaged in protected activity under Title VII by repeatedly complaining of sexual harassment and a sexually hostile work environment to Defendants.

63.

Ms. Marzett was terminated in retaliation for engaging in protected activity.

64.

Defendants' actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act, as amended as we as under the ADEA.

65.

Defendants willfully and wantonly disregarded Ms. Marzett's rights and Defendant Employer's retaliation against Ms. Marzett was undertaken intentionally and in bad faith.

66.

As a result of Defendants' unlawful actions, Ms. Marzett has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

## COUNT IV

## ASSULT AND BATTERY

67.

Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

68.

The above described actions by the Defendant Employers constitute sexual assault and battery.

69.

Mr. Adekoye willfully and wantonly disregarded Plaintiff's rights when he sexually assaulted and battered her.

70.

Defendant is liable for the Mr. Adekoye's sexual assault and battery.

71.

As a result of the Mr. Adekoye's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

## COUNT V

## NEGLIGENT RETENTION AND SUPERVISION

72.

Plaintiff hereby incorporates by reference paragraphs 1-71, above, as if fully set forth herein.

73.

Defendants continued Mr. Adekoye's employment when it actually knew, constructively knew, or in the exercise of reasonable care should have known of his history of and propensity for sexual harassment directed toward Ms. Marzett.

74.

Defendants failed to take prompt and appropriate remedial steps to protect Plaintiff from sexual harassment from Mr. Adekoye.

75.

Notwithstanding Defendant's actual or constructive knowledge of Mr. Adekoye's history of and propensity for sexual harassment of Ms. Marzett, and Defendants' inadequate efforts to correct Mr. Adekoye's harassment of Ms. Marzett, Defendants negligently supervised Mr. Adekoye, failed to intercede on Ms. Marzett's behalf, and negligently retained Mr. Adekoye, thereby ratifying, condoning, and adopting his conduct, making Defendants liable for the negligent supervision and retention of Mr. Adekoye.

76.

As a result of Defendants negligent retention and/or supervision, Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a) a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act, as amended;

(b) an injunction prohibiting Defendants from engaging in unlawful employment practices in violation of Title VII of the Civil Rights Act;

(c) full back pay from the date of Plaintiff's retaliatory termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e) compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f) punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for their conduct toward Plaintiff and deter Defendants from similar conduct in the future;

(g) reasonable attorney's fees and costs; and

(h) other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of September, 2020.

/s/ J. Stephen Mixon

J. Stephen Mixon, Esq.
Georgia Bar No. 514050
steve@mixon-law.com

Attorney for Plaintiff

THE MIXON LAW FIRM
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039